UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT PANN,

      Plaintiff,                                 Case No. 1:14-cv-1074

v                                          HON. JANET T. NEFF

CORIZON HEALTH
SERVICES, et al.,

      Defendants.

_____/


**OPINION AND ORDER**


      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's Amended

Complaint sets forth eight counts of alleged violations of his Eighth Amendment right to be free

from cruel and unusual punishment based on numerous health and medical treatment issues and

incidents.  Defendants filed motions for summary judgment, arguing that Plaintiff failed to properly

exhaust his administrative remedies.  (Dkts 32, 39).[1]  The matter was referred to the Magistrate

Judge, who issued a Report and Recommendation (R & R), recommending that the MDOC

Defendants' Motion (Dkt 32) be granted in part and denied in part, and the Corizon Defendants'

---

[1]"MDOC Defendants' Motion for Summary Judgment Based Solely on a Failure to Exhaust Administrative Remedies" by Defendants Unknown Borgering, C. Burdette, P. Lamb, Unknown McKenna, Kimberly Silvernail, Unknown Stieve, and M. Wilkenson (Dkt 32); "The Corizon Defendants' Concurrence and Joinder in MDOC Defendants' Motion for Summary Judgment" by Defendants Barbara Bien, Corizon Health Services, Prison Health Services, and Unknown Worel (Dkt 39).

Motion (Dkt 39) be granted.  (Dkt 55 at PageID.511).  The matter is presently before the Court on Plaintiff's Objection to the R & R (Dkt 57).

Plaintiff raises six issues in his Objection (Dkt 57 at PageID.533), pertaining to the eight counts and seventeen different grievances addressed in the R & R, which present a somewhat confusing array of facts and documentary evidence, particularly with respect to exhaustion.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made.  For the reasons that follow, the objections are granted in part and denied in part.  Given the interrelated factual circumstances concerning exhaustion of the various claims, the Court refers this matter back to the Magistrate Judge, for reconsideration and decision, at her discretion.

## I.

Plaintiff argues that the Magistrate Judge erred in determining that the claims in Count I were not properly exhausted by the two grievances[2] he filed pertaining to those claims, specifically Defendant RN Silvernail's denial of medical treatment and her imposition of sanctions by charging Plaintiff a five dollar co-pay for a healthcare visit.  Plaintiff asserts that the first grievance, DRF-12-06-1460-01 ("Grievance 1460"), was never processed by the MDOC at Step III, and therefore should be deemed exhausted based on the MDOC's failure to respond.

---

[2]Plaintiff confuses this issue by apparently mistakenly referring to grievance "DRF 12090265" (Dkt 57 at PageID.534), which presumably has the numbers transposed and is meant to refer to "DRF-12-09-2065-12f," but is nevertheless the wrong grievance with respect to Count I, because throughout his Objection, Plaintiff subsequently refers to grievances DRF-12-08-1806-28a and DRF-12-06-1460-01g as relating to Count I.  (Dkt 57 at PageID.534-538).  It appears that Plaintiff mistakenly referenced grievance DRF-12-09-2065-12f in his Objection, when he meant to refer to grievance DRF-12-08-1806-28a.  Plaintiff's arguments on this issue coincide with the circumstances underlying grievance DRF-12-08-1806-28a, and the Court thus disregards the reference to DRF 1200265 (DRF-12-09-2065-12f).

Plaintiff asserts that the second grievance, DRF-12-08-1806-28a (Grievance "1806"), was rejected by the MDOC at Step I as duplicative to Grievance 1460, but nevertheless was addressed on the merits.  Plaintiff states that he filed the second grievance because the MDOC denied the first grievance as premature, on the ground that the five dollar co-pay had not yet been deducted from his account.  Plaintiff argues that the Magistrate Judge erred in concluding that Grievance 1806 did not relate to Plaintiff's claim in Count I of his Amended Complaint.  He also argues that it should not have been denied as duplicative of Grievance 1460 because it was filed after the five dollar co-pay was deducted from his prisoner account.  (*See* Obj., Dkt 57 at PageID.534, 536-537).

Concerning Grievance 1806, the Magistrate Judge noted that Plaintiff filed that grievance on August 4, 2012 alleging he was improperly charged a five dollar co-pay following a "July 27, 2012" visit to healthcare.  The Magistrate Judge found that Grievance 1806 concerned a completely different date than the June 21, 2012 visit in Count I (R & R, Dkt 55 at PageID.526 n.3), and thus, the grievance could not serve to exhaust any of the claims in Plaintiff's Amended Complaint.  (*Id.* at PageID.526).  However, as Plaintiff points out, the July 27, 2012 date in Grievance 1806 was the date the funds were removed from Plaintiff's account, not the date of the office visit.

Grievance 1806, relating to Count I, addresses the removal of a five dollar co-pay from Plaintiff's account for a healthcare visit that occurred on June 21, 2012 and was charged to his account on July 27, 2012.  (Dkt 33-3 at PageID.202).[3]  Plaintiff identified the date of incident on his Step II reason for appeal as July 27, 2012, referring to the date on which the funds were removed from his account for his healthcare visit that occurred on June 21, 2012.  (*See id.* at PageID.202).

---

[3]The specific dates of the incidents are not entirely clear, since Plaintiff's Amended Complaint and the grievances state conflicting dates in several instances concerning the June healthcare visits.

Plaintiff identified the date of the healthcare visit in dispute, and the substance of Grievance 1806 generally coincides with the allegations in Count I of his Amended Complaint. (*See* Dkt 13 at Page.ID 65). Accordingly, the R & R's conclusion that Grievance 1806 did not concern any of the claims in Plaintiff's Amended Complaint was an incorrect basis for deciding exhaustion.

Plaintiff also argues that the MDOC improperly rejected Grievance 1806 as duplicative of Grievance 1460. Plaintiff's argument appears to have merit. On June 22, 2012, Plaintiff completed his Step I form for Grievance 1460, addressing the five dollar co-pay for his June 21, 2012 healthcare visit. (Obj., Dkt 57-1 at PageID.552). Plaintiff's Step I grievance was denied by the MDOC because "[t]he account of the grievant demonstrates no medical co-payment [h]as been removed at this time." (*Id.* at PageID.553). Then, on August 4, 2012, Plaintiff initiated his Step I form for Grievance 1806, again addressing the five dollar co-pay that was removed from his prison account for his June 21, 2012 healthcare visit. (Dkt 33-2 at PageID.205). Plaintiff initiated Grievance 1806 because he had then received his prisoner's account statement that included the five dollar co-pay deduction. The MDOC declined to address Grievance 1460 because it was premature and subsequently denied Grievance 1806 as duplicative of Grievance 1460. The MDOC Prisoner Step III Grievance Report reflects that Grievance 1806 was received on September 12, 2012, denied, and mailed on December 19, 2012. (Dkt 33-3 at PageID.127).

This left Plaintiff with no option to properly exhaust his administrative remedies. "An administrative remedy is not 'available' . . . where a plaintiff makes affirmative efforts to comply with the administrative procedure and prison officials improperly prevent him from using it." *Jones v. Whaley*, No. 3:13-cv-327, 2015 WL 1285789, at *3 (E.D. Mich. Mar. 20, 2015) (quoting *Brock v. Kenton Cnty.*, 93 F. App'x 793, 798 (6th Cir. 2004)). It thus appears that Plaintiff exhausted his

administrative remedies with respect to the five dollar co-pay claim.  Nonetheless, Count I includes claims beyond the five dollar co-pay, which remain to be addressed, and are most properly considered by the Magistrate Judge in the first instance.  This Court leaves the final determination of the exhaustion of the Count I claims for the Magistrate Judge.

## II.

Plaintiff objects that the Magistrate Judge erred in recommending summary judgment on his Count VI and Count VIII claims because he asserted these new claims in his Amended Complaint after properly exhausting his available administrative remedies.  (*See* Obj., Dkt 57 at PageID.539). A review of the record indicates that this objection has merit.

The Magistrate Judge found that the claims in Count VI and VIII were not properly exhausted by grievances MCF-14-07-0617-12f ("Grievance 617") and MCF-14-07-0619-12i ("Grievance 619"), respectively, "[b]ecause Plaintiff initiated the present action before allowing the prison grievance process to be completed."  (R & R, Dkt 55 at PageID.520).  The Magistrate Judge determined that those grievances were initiated on June 29, 2014 and would not be exhausted until the sooner of:  "(1) Plaintiff receiving a response to his Step III grievance, or (2) the expiration, on October 27, 2014, of the 120-day grievance response period."  (*Id.* at PageID.521-22).  The Magistrate Judge thus concluded that "[w]hen Plaintiff initiated the present lawsuit on October 15, 2014 … he had neither received a response to his Step III grievance nor had the 120-day period expired."  (*Id.*).

However, according to the record, Plaintiff filed an Amended Complaint on December 15, 2014 alleging the claims in Count VI and Count VIII.  (Dkt 13 at PageID.68-70).  The MDOC's Step III grievance denials were mailed to Plaintiff on October 24, 2014, well before he filed his Amended

5

Complaint on December 15, 2014. (Dkt 33-3 at PageID.123). Thus, Plaintiff appropriately exhausted his administrative remedies before presenting the claims in Counts VI and VIII in his Amended Complaint.

### III.

In his third objection, Plaintiff's argues that the Magistrate Judge erred in recommending summary judgment with respect to the claims in five grievances on the grounds that the MDOC properly rejected the grievances as untimely, where the MDOC improperly applied a seven-day response time instead of a 10-day response mandated under its own policies. These include grievances MCF-13-04-693-28e (R & R, Dkt 55 at PageID.522)[4]; MCF-13-04-696-12i (*id.*); MCF 13-04-695-12i (*id.*); MCF-13-04-697-28e (*id.* at PageID.523); and MCF-13-04-694-12i (*id.* at PageID.525). This objection has merit.

The Magistrate Judge determined that these five grievances, initiated on April 25, 2013, did not serve to exhaust the claims raised therein because Plaintiff's Step III grievances were rejected as untimely. (R & R, Dkt 55 at PageID.522-523, 525). The MDOC shows all five Step I grievances as received on April 25, 2013. (*See* Dkt 33-3 at PageID.124-25). Plaintiff was dissatisfied with the denial of his Step I grievances so he filed his Step II grievances, which were recorded as received by the MDOC on May 31, 2013. (Dkt 33-3 at PageID.131, 136, 141, 147, 168). The MDOC returned the Step II responses, denying the grievances, to Plaintiff on June 13, 2013 (*id.*), and

---

[4]The Magistrate Judge additionally found that this grievance "[did] not correspond with any of the claims in Plaintiff's amended complaint." (Dkt 55 at PageID.522). This Court notes, however, that Count II of the Amended Complaint addresses Dr. Stieve's refusal to fill Plaintiff's Baclofen prescription previously prescribed by Dr. Holmes, which appears potentially to correspond with the claims in this grievance. This ultimately is left to the further consideration of the Magistrate Judge.

Plaintiff asserts that he received the responses on June 14, 2013 (Obj., Dkt 57 at PageID.539).

Subsequently, Plaintiff filed his Step III grievance appeals.  The MDOC denied all five grievances

as untimely because "[t]he grievant's Step III appeal[s] [were] to be received by June 20, 2013,

however [they were] not received until July 1, 2013." (Dkt 33-3 at PageID.130, 135, 140, 146, 167).

As Plaintiff points out in his Objection (Dkt 57 at PageID.539-40), as Defendants'

acknowledge (Dkt 33 at PageID.119), and the Magistrate Judge observes in the R & R (Dkt 55 at

PageID.519-520), MDOC Policy Directive 03.02.130 ¶ FF states:

> A grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or
> does not receive a timely response.  To file a Step III grievance, the grievant must send a
> completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form . . .[]to the
> Grievance and Appeals Section within ten business days after receiving the Step II response
> or, if no response was received, within ten business days after the date the response was due,
> including any extensions.

Therefore, in accordance with MDOC Policy Directive 03.02.130 ¶ FF, Plaintiff should have sent

his Step III appeal on or before June 28, 2013, ten business days after receiving his Step II response,

not June 20, 2013 as stated in the MDOC's Step III Grievance Responses to Plaintiff.  (Dkt 33-3 at

PageID.130, 135, 140, 146, 167).  Plaintiff correctly argues that the Policy required his Step III

grievances to be sent within ten business days, not received within seven days as calculated by the

MDOC.  (*See* Obj., Dkt 57 at PageID.542).   Thus, in light of the MDOC's improper time

calculations, the determination that the five grievances were untimely filed was in error.

The MDOC acknowledged that Plaintiff's Step III grievances were received on July 1, 2013.

Allowing a reasonable time for mailing, i.e., three days, it appears that Plaintiff's grievances were

timely filed.  In any event, Plaintiff has shown that the MDOC failed to abide by Policy Directive

03.02.130 ¶ FF.  (Resp., Dkt 44 at PageID.420-23).  Defendants failed to establish otherwise.  Under

the Prison Litigation Reform Act of 1995, the failure to exhaust administrative remedies claims is

an affirmative defense which a defendant bears the burden of substantiating. *See Jones v. Bock*, 549

U.S. 199, 216 (2007). Thus, the Court grants Plaintiff's objection based on the MDOC's incorrect

evaluation of the timeliness of all five grievances initiated on April 25, 2013.

## IV.

Plaintiff objects that the Magistrate Judge erred in granting summary judgment concerning

Grievance DRF-12-09-2065-12f ("Grievance 2065") that names the Pain Committee and Central

Office in the Step I denial of requested treatment for pain. (Obj., Dkt 57 at PageID.544). The

Magistrate Judge found that Grievance 2065 does not concern any discrete event(s) and was not

asserted against any particular individual, but instead "merely articulates Plaintiff's general

dissatisfaction with the particular pain medications he was being prescribed." (R & R, Dkt 55 at

PageID.525). Further, Grievance 2065 did not correlate with any particular claim asserted in

Plaintiff's Amended Complaint. (*Id.*). The Magistrate Judge concluded that Grievance 2065 did

not serve to exhaust any of Plaintiff's claims.

The Court finds no error. Plaintiff's Step I Grievance states: "Grievant was seen by Dr.

Holmes. Kited H.C. their response: 'you are receiving insight from the director of the pain

management committee the advice is self massage, heat[,] range of [motion,] and stretching

exercises.[']" (Dkt 33 at PageID.179). The Magistrate Judge did not err in her determinations

concerning the nonspecific nature of this grievance. This objection is denied. However, the

Magistrate Judge is not precluded from revisiting this determination if appropriate on further

consideration of the exhaustion issues.

## V.

In issues five and six, Plaintiff objects that summary judgment with respect to the John Doe

8

Defendants is premature because the Court's case management order limited discovery to the issue of exhaustion, and when discovery is re-opened, he will "locate and name all the persons in the pain committee [sic] and DRF pharmacy workers and HUM McKenna's job duties." (Obj., Dkt 57 at PageID.533, 546-547). The Magistrate Judge properly considered whether to dismiss the John Does named as Defendants in this case for Plaintiff's failure to articulate good cause for the lack of diligence in effecting service. The dismissal recommended was without prejudice. The Court finds no basis for concluding otherwise based on the representations in Plaintiff's objections. However, given this Court's determinations on Plaintiff's other objections and that this matter is being referred back to the Magistrate Judge for further consideration, the Court will reserve any final ruling on the dismissal of the John Doe Defendants for further recommendation of the Magistrate Judge.

## VI.

In his Objection, Plaintiff requests that this Court "reconsider" the Magistrate Judge's denial of the appointment of counsel. (*See* Order, Dkt 12). Plaintiff has shown no circumstances warranting "reconsideration" of this issue by this Court. The Magistrate Judge considered the case circumstances in light of the applicable law and determined that the assistance of counsel did not appear necessary, at this stage of the case, to the proper presentation of Plaintiff's position. (*Id.*). This request is denied.

## Conclusion

This Court declines to adopt the R & R as the Opinion of this Court to the extent it is contrary to the above determinations, and also declines to grant summary judgment on the basis of exhaustion. This matter will be referred back to the Magistrate Judge for further consideration to the full extent deemed necessary by the Magistrate Judge.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 57) are GRANTED IN PART AND DENIED IN PART, and the Report and Recommendation of the Magistrate Judge (Dkt 55) is REJECTED to the extent it is contrary to this Opinion and Order.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (Dkts 32, 39) are DENIED without prejudice; the Magistrate Judge may, in her discretion, reconsider the issues presented on summary judgment as appropriate.


Dated: March 11, 2016                            /s/ Janet T. Neff
                JANET T. NEFF
                United States District Judge