UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PANN,

       Plaintiff,

                                      Case No.  1:14-cv-1074

v.

                                        HON. JANET T. NEFF

CORIZON HEALTH SERVICES, et al.,

       Defendants.

_____/

## OPINION AND ORDER

     This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's Eighth Amendment claims concerning medical care Plaintiff received while incarcerated ("deliberate indifference" to "serious medical needs").  Defendants filed two separate motions for summary judgment (Dkts 92, 95).  The matter was referred to the Magistrate Judge, who on January 13, 2017 issued a Report and Recommendation (R&R, Dkt 133), recommending that both summary judgment motions be granted.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Pl. Obj., Dkt 135). The Corizon Health Services Defendants have filed a Response (Dkt 138), and Plaintiff has filed a Reply (Dkt 139).[1]  Plaintiff has now also filed a Motion to Include Defendant's Application for Plaintiff to Receive a Medicaid Card (Dkt 140).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court grants Plaintiff's

---

[1] Plaintiff failed to seek leave to file a reply as required, but the Court has nevertheless taken Plaintiff's additional argument into consideration.

motion to supplement the record, denies Plaintiff's objections to the Report and Recommendation, and issues this Opinion and Order.

## I.  Plaintiff's Objections

Plaintiff presents the Court with a lengthy recitation of intermixed events, purported fact, and argument, which fails to provide the Court with his challenges to specific portions of the Report and Recommendation, as required, for de novo review.  Plaintiff identifies ten main objection topics.  To the best of the Court's understanding, Plaintiff's objections can be appropriately categorized into four categories.  The Court considers each in turn.

### A.  Factual Record Concerning Hand Surgery Medication

Plaintiff asserts that the Magistrate Judge erred in "finding that Plaintiff received his medication on June 4, 2012" following Plaintiff's hand surgery (Pl. Obj., Dkt 135 at PageID.1466).  In addressing Plaintiff's claims against Defendant Silvernail in Count 1, the Magistrate Judge noted that in response to Defendant Silvernail's affidavit, Plaintiff provided treatment notes indicating that "Plaintiff received pain medication on June 4, 2012" (R&R, Dkt 133 at PageID.1444 citing Dkt 121-2 at PageID.1191).  However, as Plaintiff points out, he actually received his Ultram medicine on June 5, 2012; he received the order for medicine on the afternoon of June 4, 2012, but the medicine was not received until the following morning.  To the extent the Magistrate Judge's use of the word "received" is a misstatement, the Court clarifies that Plaintiff "received" his Ultram medicine on June 5, 2012.

In any event, this distinction demonstrates no error in the Magistrate's Judge's ultimate conclusion with regard to Plaintiff's medical care.  As the Corizon Defendants state in response to this objection, Plaintiff fails to note that he was on Tegretol, Tylenol, and Motrin on June 4, 2012 (Dkt 138 at PageID.1598, citing PageID.718).  The Magistrate Judge properly determined

that Plaintiff could not maintain a claim of deliberate indifference based on the allegations in Count 1, with respect to Defendant Silvernail and the five-dollar co-pay.  Further, Plaintiff could not maintain a claim against Defendant Health Unit Manager McKenna based on vicarious liability (Dkt 133 at PageID.1446).  As discussed subsequently, Plaintiff provides no facts or argument showing that any misstatement that he "received" his pain medication on June 4, 2012 undermines these conclusions.

## B.  Summary Judgment in Favor of Defendant Silvernail

Plaintiff argues that the Magistrate Judge erred "in granting RN Silvernail summary judgment" (Pl. Obj., Dkt 4 at PageID.1468).  Plaintiff states that his version of events concerning his Ultram medication directly contradicts that of Defendant Silvernail, which requires a credibility determination that is improper on summary judgment.

Plaintiff's objection is without merit.  The Magistrate Judge properly considered the record evidence and determined that the evidence reveals nothing more than a disagreement between Plaintiff and Defendant Silvernail regarding how best to treat his medical symptoms (Dkt 133 PageID.1445).  Such is insufficient to establish a claim of deliberate indifference to serious medical needs under the Eighth Amendment (*id.*).  Plaintiff has failed to show that summary judgment as to Defendant Silvernail is improper based on "credibility" issues.

Plaintiff's general recounting of purported events and argument concerning Defendant Silvernail does not constitute proper objection to the Report and Recommendation.  A general objection to a Magistrate Judge's report, one that fails to specify the issues of contention, does not satisfy the objection requirement.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).  *See also* W.D. Mich. LCivR 72.3(b).  "Objections must be clear enough to enable the district court to

discern those issues that are dispositive and contentious." *Miller, supra.*  Plaintiff's objection, while lengthy, does not reference the Magistrate Judge's Report and Recommendation and does not specifically identify any issues of contention, except to merely dispute the Magistrate Judge's report (Pl. Obj., Dkt 135 at PageID.1468-72).

### C.  Five Dollar Co-Pay for Plaintiff's Medical Visit

Plaintiff states two objections regarding the five dollar co-pay from Plaintiff's June 21, 2012 medical visit.  First, Plaintiff argues that the Magistrate Judge erred "in ordering Plaintiff has a state claim" on the five dollar co-pay claim (Pl. Obj., Dkt 135 at PageID.1472).   In addressing this issue, the Magistrate Judge stated that "Plaintiff has failed to assert or demonstrate the absence of an adequate [post-deprivation state] remedy for any alleged discrepancies in the billing of the required co-pay" (R&R, Dkt 133 at PageID.1446).  Plaintiff asserts that this statement is the Magistrate Judge ordering that Plaintiff has a state claim regarding the five dollar co-pay (Pl. Obj., Dkt 135 at PageID.1472).  This argument is without merit.

The Magistrate Judge did not order that Plaintiff had a state claim.   Instead, the Magistrate Judge merely stated that if Plaintiff "asserts that he was mistakenly charged the co-pay in question, Plaintiff is required to first plead and prove that there does not exist any adequate post-deprivation remedy for such an alleged billing error" (R&R, Dkt 133 at PageID.1445-46).  The Magistrate Judge then stated that Plaintiff had not pled or proven that a post-deprivation state remedy was unavailable for him to plead a claim based on the alleged billing error (*id.* at PageID.1446).  These statements by the Magistrate Judge merely indicate the steps Plaintiff must take before the court can consider whether Plaintiff was mistakenly charged

the co-pay. The Magistrate Judge did not order that Plaintiff has a state claim. Plaintiff's objection is denied.

Secondly, Plaintiff argues that "this Court determined both grievances 1460 and 1806 … were valid" (Pl. Obj., Dkt 135 at PageID.1472). Plaintiff appears to be referring to the Court's previous Opinion and Order concerning exhaustion (Op. & Or., Dkt 61 at PageID.574-75). In that Opinion and Order, the Court concluded that "[i]t thus appears that Plaintiff exhausted his administrative remedies with respect to the five dollar co-pay claim" (*id.*). Regardless of this Court's previous statement concerning exhaustion, the Magistrate Judge denied Plaintiff's claim on the merits.

To the extent that Plaintiff reiterates that the assessment of a five dollar co-pay is unconstitutional (Pl. Obj., Dkt 135 at PageID.1472-73), the Magistrate Judge properly concluded that it is constitutional for an institution to assess prisoners a co-pay when meeting with health professionals. *See Miracle v. Smith*, 3:16-CV-P346, 2016 WL 5867825, at *4 (W.D. Ky., Oct 6, 2016). Plaintiff met with Defendant Silvernail on June 21, 2012, and Defendant Silvernail assessed Plaintiff a five dollar co-pay. Plaintiff's objection fails.

### D. Denial of Medical Treatment Claims

#### 1. Defendant Stieve's Denial of Baclofen for Back Pain

Plaintiff argues that the Magistrate Judge "erred when granting Dr. Stieve summary judgment" (Pl. Obj., Dkt 135 at PageID.1473). The Magistrate Judge determined that "Defendant Stieve, in the exercise of his medical and professional judgment, determined that Plaintiff's condition did not require or warrant the prescription of such medication," i.e., Baclofen (R&R, Dkt 133 at PageID.1447). Plaintiff argues that this is not a matter of an inmate disagreeing with his doctor. Plaintiff merely reargues this issue, and fails to specifically identify

those portions of the Report and Recommendation to which he objects.  *See Miller*, 50 F.3d at 380; *Howard*, 932 F.2d at 508-09.

As the Magistrate Judge stated, to the extent that a plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, the defendant is entitled to summary judgment.  *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")).

The Magistrate Judge properly concluded that while Plaintiff's disagreement may constitute negligence or malpractice, such does not implicate the Eighth Amendment.  Plaintiff fails to show any error in the Magistrate Judge's analysis or conclusion.  Plaintiff's objection is denied.

### 2.  Defendants Worel's and Bien's Denial of MRI for Back Pain

Plaintiff asserts that the Magistrate Judge's "findings on the record are incorrect" (Pl. Obj., Dkt 135 at PageID.1477).  The Magistrate Judge determined that "the medical evidence submitted by Defendants supports their opinion that Plaintiff's condition did not warrant an MRI examination" (R&R, Dkt 133 at PageID.1449).  Specifically, Plaintiff objects to the Magistrate Judge's statement that "Plaintiff presents nothing other than his own lay opinion" (Pl. Obj., Dkt 135 at PageID.1477; R&R, Dkt 133 at PageID.1449).  Plaintiff contends that the Magistrate Judge "overlooked two Radiological Reports" (Pl. Obj., Dkt 135 at PageID.1478).  Plaintiff asserts that "[p]ersonal knowledge is enough to be considered factual" such that an MRI examination should be ordered to diagnose his back pain (Pl. Obj., Dkt 135 at PageID.1477-78).

Plaintiff relies on FED. R. CIV. P. 56(c) to support his contention that his personal knowledge is sufficient to overcome Defendants Worel's and Bien's medical opinions.

However, Plaintiff's reliance is misplaced.  Plaintiff presumably relies on FED. R. CIV. P. 56(c)(4), which merely provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Plaintiff has not shown that his purported "personal knowledge" meets these standards.  The Magistrate Judge considered the appropriate record evidence under the applicable legal standards, and determined that the medical opinions that Plaintiff's condition did not warrant an MRI were supported by the medical evidence.  Plaintiff's objection is denied.

### 3. Defendants Worel's and Bien's Denial of Cotton Blanket

Plaintiff objects that the Magistrate Judge erred in assuming that a cotton blanket was an "accommodation" as opposed to medically necessary (Pl. Obj., Dkt 135 at PageID.1480).  The Magistrate Judge observed that "[a] review of the medical evidence fails to reveal that Plaintiff suffers from a wool allergy or other condition making denial of a cotton blanket cruel and unusual punishment," although Plaintiff had been afforded a cotton blanket accommodation (R&R, Dkt 133 at PageID.1450).  The Magistrate Judge concluded that Plaintiff's mere disagreement with treatment decisions provided no basis for an Eighth Amendment claim.

Plaintiff disagrees with the Magistrate Judge's characterization of the record, and states discovery and a review of his files would have shown the cotton blanket was medically necessary.  He further states that after a thorough review of his medical file, his provider recently reinstated his cotton blanket as medically necessary.  Plaintiff has shown no error based on the record before the Magistrate Judge.  Moreover, the issue now appears to be moot.

Nonetheless, "Plaintiff feels costs should be ordered due to this issue being part of the original lawsuit" (*id.* at PageID.1481).  The Court finds no basis for an award of costs.  The mere

fact that Plaintiff has now received a cotton blanket does not establish that Plaintiff was the prevailing party with respect to his Eighth Amendment claim asserted in this lawsuit, and the Magistrate Judge concluded to the contrary.

4. Defendants Worel's and Bien's Denial of Bottom Bunk and Ground Floor Housing

Plaintiff argues that the Magistrate Judge erred in granting summary judgment to Defendants regarding a "Bottom Bunk and Ground Floor Housing" (Pl. Obj., Dkt 135 at PageID.1481). As with the cotton blanket objection above, Plaintiff states that the bottom bunk issue has since been resolved and that Plaintiff is currently housed on the ground floor (Pl. Obj., Dkt 135 at PageID.1481). These issues appear to be, to a large extent, moot. Regardless, Plaintiff presents no valid objection to the analysis and conclusion of the Magistrate Judge, i.e., that Plaintiff's mere disagreement with treatment decisions does not implicate the Eighth Amendment (R&R, Dkt 133 at PageID.1452).

5. Defendants Worel's and Borgerding's Denial of Special Footwear

Plaintiff argues that the Magistrate Judge erred "when finding Plaintiff's foot deformity is not a substantial injury requiring special footwear" (Pl. Obj., Dkt 135 at PageID.1482). The Magistrate Judge determined that "[a] review of the medical evidence fails to reveal that Plaintiff suffers from an impairment such that denying him athletic shoes constitutes cruel and unusual punishment" (R&R, Dkt 133 at PageID.1454).

Again, Plaintiff contends that "personal knowledge" that "[t]he podiatrist recommended New Balance series 800 or 900 and a heal lift for the right shoe" is sufficient to overcome Defendants Worel's and Borgending's medical opinions (Pl. Obj., Dkt 135 at PageID.1482). Plaintiff again relies on FED. R. CIV. P. 56(c)(4) to support his contention. Plaintiff's argument fails for the same reasons stated above with regard to other objections premised on Rule 56(c).

8

Plaintiff otherwise merely reargues his claim and presents no valid objection to the analysis and conclusion of the Magistrate Judge.

   6. Defendants Borgerding's, Stieve's, and Worel's Denial of Elbow Surgery and Baclofen

   Plaintiff argues that the Magistrate Judge erred in granting summary judgment to Defendants Dr. Borgerding, Dr. Stieve, and Dr. Worel regarding Plaintiff's left elbow pain (Pl. Obj., Dkt 135 at PageID.1483).   Plaintiff again merely reargues his claims and fails to specifically identify the portions of the Magistrate Judge's Report and Recommendation to which his objection is made.  Plaintiff's general objection fails for the same reasons stated above. *See Miller*, 50 F.3d at 380; *Howard*, 932 F.2d at 508-09.

## II.  Motion

   On March 15, 2017, Plaintiff filed a Motion to Include Defendant's Application for Plaintiff to Receive a Medicaid Card (Dkt 140).  Plaintiff requests that the record include a Michigan Department of Corrections Prisoner Receipt checklist showing that he received a Medicaid card (Dkt 140-1).  Defendants have not filed a response to the motion.  The Court will grant the motion, but concludes that this fact has no bearing on the issues before the Court with respect to the Report and Recommendation of the Magistrate Judge.

## III.  Conclusion

   Plaintiff's objections to the Magistrate Judge's Report and Recommendation are without merit.  Plaintiff's request for costs is denied.

   Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, except as noted herein.   A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not

be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 135) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 133) is APPROVED and ADOPTED as the Opinion of the Court, except as noted herein.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (Dkts 92, 95) are GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Include Defendant's Application for Plaintiff to Receive a Medicaid Card (Dkt 140) is GRANTED to the extent that the record in this case will include Dkt 140-1.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the unidentified John Doe defendants are DISMISSED without prejudice for failure to timely effect service and this action is terminated.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  March 27, 2017                                      /s/ Janet T. Neff
                                                                          JANET T. NEFF
                                                                          United States District Judge

10